UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHENA STANFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>GENERAL INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Case No. 20-cv-06382-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

      General Insurance's motion to dismiss is granted in part and denied in part. With respect to the claims that are dismissed, Stanford is granted leave to amend only the intentional infliction of emotional distress claim.

      1. Stanford's claims for negligence and negligent infliction of emotional distress are dismissed with prejudice. The negligence claim is barred by the economic loss rule, which, broadly speaking, prevents a plaintiff whose action stems from a breach of contract from recovering tort damages in addition to contract damages. *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988-89 (2004). In the insurance context, plaintiffs can recover tort damages for breach of the covenant of good faith and fair dealing in addition to contract damages for breach of the insurance contract. *Id.* at 989-990. A plaintiff claiming that an insurance company breached this covenant must show that the company acted with more than just negligence. *See Global Hawk Insurance Company (RRG) v. Wesco Insurance Company*, 424 F. Supp. 3d 848, 860 (C.D. Cal. 2019). A tort claim based on mere negligence thus cannot stand. *See also Erlich v. Menezes*, 21 Cal. 4th 543, 552 (1999); *Robinson Helicopter*, 34 Cal. 4th at 989, 991 n.7.

Stanford's negligence claim is also barred by the fact that under California law, negligence is generally not a viable theory of recovery against insurance companies for their alleged mishandling of claims. *See Tento International, Inc. v. State Farm Fire & Casualty Co.*, 222 F.3d 660, 664 (9th Cir. 2000); *Sanchez v. Lindsey Morden Claims Services Inc.*, 72 Cal. App. 4th 249, 254 (1999). Because negligent infliction of emotional distress is simply part of the law of negligence and not a separate tort, it fails for the same reasons the negligence claim fails. *See Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992). And because both claims fail as a matter of law, leave to amend is denied. *See Pakdel v. City & County of San Francisco*, 952 F.3d 1157, 1169 n.8 (9th Cir. 2020).

2. General Insurance's motion to dismiss Stanford's negligent misrepresentation and intentional misrepresentation claims is denied. First, the economic loss rule does not bar either of these claims. Unlike negligence, the misrepresentation claims both sound in deceit and fraud. *See Bret Harte Union High School District v. FieldTurf, USA, Inc.*, 2016 WL 3519294, at *3, 4-5 (E.D. Cal. June 27, 2016). So for the same reasons that the economic loss rule does not bar the tort of breach of good faith and fair dealing in insurance disputes, the rule also does not bar claims for tortious misrepresentations. In the insurance context, tort damages for misrepresentation claims, like for claims of the breach of good faith and fair dealing, are premised on duties separate and apart from an ordinary breach of contract claim. *See Jones v. Progressive Casualty Insurance Company*, 2018 WL 4521919, at *2-3 (N.D. Cal. Aug. 19, 2018); *see also Robinson Helicopter*, 34 Cal. 4th at 989-991. *But see Crystal Springs Upland School v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 968-970 (N.D. Cal. 2016); *Silcox v. State Farm Mutual Automobile Insurance Co.*, 2014 WL 7335741, at *7 (S.D. Cal. Dec. 22, 2014).

This does raise the question of whether the misrepresentation claims are merely duplicative of the good faith and fair dealing claim, as it seems highly unlikely—if not impossible—for Stanford to prevail on the misrepresentation claims but not on the good faith and fair dealing claim. Indeed, if this were to happen, and Stanford were found to have established a misrepresentation claim but not a good faith and fair dealing claim, there would be a question

about whether these apparently inconsistent outcomes could stand. But these are not reasons to dismiss the misrepresentation claims at the pleading stage when, as discussed, the economic loss rule does not categorically bar these claims in insurance disputes.

Second, although the complaint could have more clearly laid out the relevant factual allegations, it adequately states a claim for both intentional and negligent misrepresentation. For example, the complaint alleges that General Insurance informed Stanford that her policy would not cover housing when General Insurance knew this to be false (or had no reasonable grounds to believe it was true), and that Stanford relied on this statement by staying in her mold-infested home to the detriment of her and her family's well-being. The complaint also alleges that General Insurance falsely told Stanford that her claim was a mold claim limited to $10,000 when it knew this was untrue, and that Stanford's reliance on this representation caused emotional and financial harm. These allegations are sufficient.

3. Stanford's claim for intentional infliction of emotional distress is dismissed without prejudice. The complaint does not adequately allege extreme and outrageous conduct exceeding all bounds of that usually tolerated in society. *See Bock v. Hansen*, 225 Cal. App. 4th 215, 233-35 (Cal. Ct. App. 2014). But because Stanford has not previously requested leave to amend, and this claim is not barred as a matter of law, leave to amend this claim is granted.

Any amended complaint shall be filed within 21 days of the date of this order. General Insurance has 21 days to respond to the filing of any amended complaint.

**IT IS SO ORDERED.**

Dated: January 7, 2021

VINCE CHHABRIA
United States District Judge