UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHENA STANFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>　　　　　Defendants. | Case No.  20-cv-06382-VC<br><br>**ORDER SANCTIONING PLAINTIFF'S COUNSEL** |

　　　　Janine Ogando, counsel for the plaintiff, is sanctioned $500 for her repeated failure to comply with court orders, and her failure to adequately respond to the order to show cause to explain these failures.

　　　　On October 25, the Court issued an order directing Ogando to refile the exhibits attached to the First Amended Complaint so that the exhibits complied with the Court's standing order for civil cases. *See* Dkt. No. 24. After Ogando failed to refile the exhibits, the Court ordered her to show cause why she should not be sanctioned for her failure to do this along with her presentation of objectively frivolous arguments in support of the motion to remand. *See* Dkt. No. 32. In response, Ogando asserted, as relevant here, that her failure to refile exhibits was an "inadvertent mistake" because she did not see the order directing her to refile, and that although she received an email with the order attached, she had not read the order because she was not able to view it without going to Pacer.

　　　　The order to show cause was lifted in a written order, with the admonishment that this was counsel's "final warning" and that "additional presentation of frivolous arguments or failure

to follow court orders could result in sanctions." Dkt. No. 39.

In January, the parties submitted a stipulated protective order that failed to comply with the Court's standing order requiring that when parties file a proposed protective order, they must indicate whether that protective order is based on the Northern District's model order. The Court directed the parties to re-file the stipulated protective order with the required indication by January 19. *See* Dkt. No. 45. On January 20, when the Court held an initial case management conference with the parties, a new stipulation had not yet been filed.

On January 28, Ogando filed a Second Amended Complaint with exhibits that again failed to comply with the Court's standing order for civil cases. *See* Dkt. No. 51. Once again, Ogando was ordered to refile the exhibits to the complaint in accordance with the Court's standing order. *See* Dkt. No. 56. Once again, Ogando failed to refile the exhibits.

The Court then issued a second order to show cause directing Ogando to explain why she should not be sanctioned under the Court's inherent authority for her repeated failure to comply with Court orders, and listed the three orders described above: the order to refile the exhibits to the First Amended Complaint (Dkt. No. 24), the order to refile the proposed protective order (Dkt. No. 45), and the order to refile the exhibits to the Second Amended Complaint (Dkt. No. 56).

In response to the second order to show cause, Ogando spent much of her time discussing irrelevant issues. First, Ogando re-hashed her justifications for the objectively frivolous motion to remand, which was not at issue in the second order to show cause. In addition, Ogando discussed her failure to comply with the hearing registration requirements contained at Dkt. No. 57, which also was not referenced in the second order to show cause. As to the docket entries that the order to show cause *did* reference, there was only a cursory explanation of her failure to comply with the order at Dkt. No. 24 asking her to refile exhibits to the First Amended Complaint, and absolutely no explanation regarding her failure to comply with the order at Dkt. No. 56 relating to the exhibits to the Second Amended Complaint.

Sanctions against Ogando are thus appropriate under the Court's inherent authority.

Federal courts "are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001). A court can sanction an attorney under its inherent authority for actions taken in bad faith *or* for willful disobedience of a court order. *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). The Court finds that Ogando acted willfully by failing to comply with the two orders directing her to refile exhibits in accordance with its standing order, and failing to address or adequately explain these failures in her response to the order to show cause. Ogando repeatedly asserts that sanctions are not warranted because she never acted in bad faith, but imposing sanctions based on the "'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive . . . it is enough that a party acted deliberately." *Id.* Ogando's actions were deliberate—she was directed multiple times to refile exhibits in accordance with the Court's standing order and each time failed to do so, and was put on notice early on that additional failures to comply with court orders could result in sanctions. Sanctions are thus appropriate. *See Oswalt v. Resolute Industries, Inc.*, 540 F. App'x 603, 605-06 (9th Cir. 2013); *see also Lawson v. Grubhub, Inc.*, 2017 WL 3670720, at *2 (N.D. Cal. Aug. 25, 2017).

Ogando is sanctioned $500 pursuant to the Court's inherent authority. Payment shall be made to the Clerk of the Court within 14 days of this order.

**IT IS SO ORDERED.**

Dated: April 6, 2021

_____
VINCE CHHABRIA
United States District Judge